IN THE MATTER OF THE APPLICATION OF FRED W. LAW FOR A WRIT OF HABEAS CORPUS.

No. 1371.

ORIGINAL.

HEARD DECEMBER 30 AND 31, 1921,
          AND JANUARY 3, 1922.          DECIDED JANUARY 18, 1922.

COKE, C. J., KEMP AND EDINGS, JJ.

BAIL—*surety company.*

> By virtue of section 54, Act 115, S. L. 1917, every surety company which has complied with the prescribed regulations and obtained a license to do business is qualified to become surety upon any bond authorized or required by the laws of the Territory.

SAME—*same—ownership of property not required.*

> The provisions contained in sections 3741 and 3742 R. L. 1915 making it necessary for the surety on a bail bond to own property within the Territory are abrogated by Act 115 S. L. 1917 in so far as those provisions apply to licensed surety companies.

OPINION OF THE COURT BY COKE, C. J.

This proceeding is before the court upon a writ of *habeas corpus* issued out of this court upon the petition of Fred W. Law, a person claiming to be imprisoned without warrant of law. The facts of the proceeding are as follows: On December 5, 1921, the petitioner Law was convicted in the circuit court of the first judicial circuit of the Territory upon an indictment charging him with the crime of embezzlement. On the 9th day of December, 1921, the petitioner was by the court sentenced to imprisonment in the Oahu prison for the term of one year. Petitioner thereupon gave notice of his intention to appeal from the verdict and judgment of conviction to the

supreme court of the Territory and the circuit judge fixed the amount of his bail pending the appeal in the sum of $2000. Thereafter petitioner executed a bond in the amount fixed with the United States Fidelity & Guaranty Company, a corporation organized and existing under the laws of the State of Maryland, as surety. The circuit judge refused to accept the bond and the petitioner instituted this proceeding. Mr. Jarrett, the high sheriff, made return to the writ setting forth that he holds the petitioner under a mittimus duly issued out of the circuit court.

The decision of the circuit judge upon the sufficiency of the bond is not before us and we are left largely to conjecture respecting the reasons which prompted the circuit judge in his refusal to approve the bond. It is, however, stipulated by counsel that one of the reasons which the circuit judge advanced for his action in refusing to approve the bond was that it did not appear that the surety company owned any property within the Territory of Hawaii. If this were the sole reason actuating the judge in his disapproval of the bond we would be compelled to hold that error had been committed and that the petitioner is entitled to the relief sought.

Formerly the law was that no person could be received as a surety for the appearance of a party accused who did not own or possess property either real or personal within the Territory of double the value of the amount of the bail bond and where a single surety executed a bond it was necessary that he possess unincumbered real property within the Territory of double the value of the amount of the bond. (See Secs. 3741, 3742 R. L. 1915.) By subsequent legislation these requirements were modified and a surety company, either domestic or foreign, could become surety upon bail bonds if it had received from the insurance commissioner a certificate of

authority to transact business within the Territory and in case of a foreign insurance company it was required to file a bond in the sum of $2500 with condition that the surety on such bond would be responsible in the amount of said bond for all judgments, decrees or orders given, made or rendered against the principal on said bond by any court of the Territory for the payment of money. It appears from the record that the United States Fidelity & Guaranty Company has complied with all of the requirements prescribed by the laws of the Territory and has given the bond required and has been duly granted a certificate of authority by the insurance commissioner to transact insurance business in Hawaii. By virtue therefore of section 54 of Act 115 S. L. 1917 the United States Fidelity & Guaranty Company was qualified to become surety on the bond required of the petitioner. We think it is clear that by the language of the insurance law just referred to it was intended to qualify every surety company which has complied with the regulations to become surety upon any bond authorized or required by the laws of the Territory and that the provisions contained in sections 3741 and 3742 R. L. 1915 making it necessary for the surety to own property within the Territory are abrogated by Act 115 S. L. 1917 in so far as those provisions apply to surety companies.

The circuit judge, however, may have based his action upon other grounds. A review of the record discloses that the bond in question was executed by the surety company by Herman Luis, who assumes to be its attorney-in-fact. There is a power of attorney in the record before us in which the United States Fidelity & Guaranty Company designates Philip L. Lee, A. N. Campbell and R. W. Shingle of Honolulu to act as its attorneys-in-fact in this Territory. There is no showing whatsoever that Mr. Luis possessed authority to execute the bond in the

name of the company and for aught that we know the circuit judge may have assigned this fact as one of his reasons for refusing to approve the bond.

In view, therefore, of the state of the record we must presume that the action of the court below was supported by the facts presented to it.

Our conclusions are that the writ prayed for should be denied and the petitioner remanded to the custody of the high sheriff and it is so ordered.

*G. K. French* for petitioner.

*H. E. Stafford,* First Deputy City and County Attorney, for respondent.

